L. Paul Mankin (SBN 264038)
Law Office of Paul Mankin, APC
4655 Cass St., Ste. 410
San Diego, CA 92109
Phone: (800)-219-3577
Facsimile: (323) 207-3885
pmankin@paulmankin.com
Attorney for Plaintiff
Christopher Santander

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER SANTANDER, <br><br> Plaintiff, <br><br> vs. <br><br> GENERAL REVENUE CORPORATION, INC., and DOES 1 through 10 inclusive, <br><br> Defendant. | **COMPLAINT** <br><br> 1. Violation of the Rosenthal Fair Debt Collection Practices Act; <br> 2. Violation of the Fair Debt Collection Practices Act; |

**INTRODUCTION**

1.   This is an action for damages brought by an individual consumer for Defendant's violations of the Rosenthal Fair Debt Collection Practices Act, Cal Civ. Code §1788, *et seq.* (hereinafter "RFDCPA") and Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, which prohibit debt collectors from engaging in abusive, deceptive, and unfair practices.

COMPLAINT - 1

## PARTIES

2. Plaintiff CHRISTOPHER SANTANDER ("Plaintiff"), a natural person who at all times herein mentioned was a resident of the City of Baldwin Park, County of Los Angeles, and State of California and is a and is a "consumer" as defined by the FDCPA, 15 U.S.C. §1692a(3) and is a "debtor" as defined by Cal. Civ. Code §1788.2(h).

3. At all relevant times herein, Defendant, General Revenue Corporation, Inc., (hereinafter "Defendant") was a company engaged, by use of mails and telephone, in the business of collecting a debt from Plaintiff which qualifies as a "debt" as defined by 15 U.S.C. §1692a(5) and a "consumer debt" as defined by Cal. Civ. Code §1788.2(f). Defendant regularly attempts to collect debts alleged to be due another, and therefore is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6), and RFDCPA, Cal. Civ. Code §1788.2(c).

4. Plaintiff does not know the true names and capacities, whether corporate, partnership, associate, individual or otherwise, of Defendants sued herein as Does 1 through 10, inclusive, and therefore names said Defendants under provisions of *Section 474 of the California Code of Civil Procedure*.

5. Plaintiff is informed and believes, and on that basis alleges that Defendants Does 1 through 10 are in some manner responsible for acts, occurrences and transactions set forth herein and are legally liable to Plaintiff.

## JURISDICTION

6. This Court has jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331, since the claims alleged against the Defendant arose under the FDCPA. This court has supplemental jurisdiction over Plaintiff's state law claims contained herein.

7. Venue is proper in this Court under 28 U.S.C. § 1391(b)(1) & (b)(2), as a substantial part of the events or omissions giving rise to the claim occurred in this district.

# FACTUAL ALLEGATIONS

8. At various and multiple times prior to the filing of the instant complaint, including within the one year preceding the filing of this complaint, Defendant contacted Plaintiff in an attempt to collect an alleged debt.

9. This alleged financial obligation was the result of a "consumer credit transaction", as defined by Cal. Civ. Code §1788.2(e), and is therefore a "consumer debt", as defined by Cal. Civ. Code §1788.2(f) and a "debt" under the FDCPA.

10. Defendant has regularly placed calls to Plaintiff in its attempt to collect the alleged debt via Plaintiff's cellular phone.

11. Plaintiff has repeatedly requested that Defendant stop contacting him regarding this alleged debt. Nonetheless, Defendant continued and continues to call Plaintiff four or more times per day in an attempt to collect a debt.

12. Plaintiff alleges that Defendant violated 12 CFR Part 1006.14 (Regulation F) by contacting Plaintiff more than seven (7) times in seven (7) consecutive days.

13. Defendant also contacted Plaintiff's family member(s) on numerous occasions regarding Plaintiff's debt without Plaintiff's or his family member(s)' consent. Plaintiff alleges Defendant had no lawful basis to contact Plaintiff's family member(s).

## COUNT I: VIOLATION OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT

14. Plaintiff reincorporates paragraphs 1 through 13 as if fully written herein.

15. § 1788.17 of the RFDCPA mandates that every debt collector collecting or attempting to collect a consumer debt shall comply with the provisions of Sections 1692b to 1692j, inclusive, of, and shall be subject to the

remedies in Section 1692k of, Title 15 of the United States Code statutory regulations contained within the FDCPA, 15 U.S.C. § 1692d, and § 1692d(5).

16. Defendant's conduct violated the RFDCPA in multiple ways, including but not limited to:

    a) Communicating, by telephone or in person, with plaintiff with such frequency as to be unreasonable and to constitute a harassment to Plaintiff under the circumstances (Cal. Civ. Code §1788.11(c));

    b) Causing a telephone to ring repeatedly or continuously to annoy Plaintiff (Cal. Civ. Code §1788.11(d));

    c) Committed any conduct the natural consequence of which is to harass, oppress, or abuse any person (Cal. Civ. Code § 1788.11(e));

    d) Contacting someone other than the consumer regarding the consumer's debt letter (15 U.S.C. § 1692c(b)).

    e) Contacting consumer by telephone after receipt of a written cease and desist letter (15 U.S.C. § 1692c(c)).

    f) Any conduct that the natural consequence of which is to harass, oppress, or abuse any person (15 U.S.C. § 1692d).

17. As a result of the above violations of the RFDCPA, Plaintiff suffered and continues to suffer injury to Plaintiff's feelings, personal humiliation, embarrassment, mental anguish and emotional distress, and Defendant is liable to Plaintiff for Plaintiff's actual damages, statutory damages, and costs and attorney's fees.

18. To the extent that Defendant's actions, counted above, violated the RFDCPA, those actions were done knowingly and willingly.

# COUNT II: VIOLATION OF THE FAIR DEBT COLLECTION PRRACTICES ACT

19. Plaintiff reincorporates by reference paragraphs 1 through 18 as if fully written herein.

20. The foregoing acts and omissions constitute numerous and multiple violations of the FDCPA, including but not limited to each and every one of the below:

   a) Contacting someone other than the consumer regarding the consumer's debt letter (15 U.S.C. § 1692c(b)).
   b) Engaging in any conduct the natural consequence of which is to harass, oppress, or abuse a consumer (15 U.S.C. § 1692d);
   c) Engaging in conduct that is unfair or unconscionable in an attempt to collect a debt (15 U.S.C. § 1692f).

21. As a result of reach and every violation of the FDCPA, Plaintiff is entitled to any actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in the amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from each Defendant.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that judgment be entered against Defendant for the following:

   A. Actual damages;
   B. Statutory damages;
   C. Costs and reasonable attorney's fees; and
   D. For such other and further relief as may be just and proper.

**<u>PLAINTIFF HEREBY REQUESTS A JURY TRIAL</u>**

Date: January 4, 2022        LAW OFFICE OF PAUL MANKIN, APC

                         __/s/ Paul Mankin_____
                         Paul Mankin, Esq.
                         Attorney for Plaintiff